IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEOTHER TIDWELL, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No. 13-MC-69-WDS |
| ) | |
| PINCKNEYVILLE CORRECTIONAL ) | |
| CENTER, ) | |
| ) | |
|    Defendant. ) | |

### ORDER

**STIEHL, District Judge:**

    Before the Court is petitioner Cleother Tidwell's motion to perpetuate testimony pursuant to Federal Rule of Civil Procedure 27 (Doc. 1), as well as his motion to add documents (Doc. 2).

    Petitioner's reason for bringing this motion is that he intends to file a lawsuit based on lack of dental care, presumably in an action pursuant to 42 U.S.C. § 1983. Petitioner relates that he had two teeth extracted while he was at the Stateville Correctional Center, after which he needed to have partial dentures made. Before that could happen, however, he was transferred to the Western Illinois Correctional Center (WICC). He informed the dentist at WICC that he needed impressions made. The dentist ignored petitioner's request until petitioner filed a grievance. The dentist responded and told petitioner he would be taken care of, but nothing happened.

    Petitioner was later transferred to Menard Correctional Center. The dentist at Menard informed petitioner that he now needs five more teeth removed because plates were never made after the two teeth were removed at Stateville, and petitioner's teeth have moved around in the meantime. Petitioner claims that if the dentist at WICC had taken

some action, petitioner would not need to have five more perfectly good teeth removed.

The dentist at WICC has since died, which is why petitioner brings this motion to perpetuate testimony. He seeks to obtain the expert testimony of the dentist at Menard, Dr. Harrington. Harrington examined petitioner and took x-rays. He can explain how petitioner's condition became worse over time. Since the dentist at WICC died, petitioner wants to depose Harrington now, lest the same fate befall him. Petitioner has not filed a lawsuit yet. He says he will file it after his current, unrelated lawsuit ends. *See Tidwell v. Pinckneyville Correctional Center*, Case No. 10-cv-974. Petitioner's motion to add documents is in support of his motion to perpetuate testimony; it includes notes from his visits to the dentist and grievances he filed.

Rule 27 allows a person, in advance of filing an action, to petition the court for an order authorizing him to "depose named persons in order to perpetuate their testimony." Fed. R. Civ. P. 27(a)(1). The petition must be titled in the petitioner's name and show:

> (1) that he expects to be a party to a cognizable action in a United States court, but cannot presently bring it or cause it to be brought;
> (2) the subject matter of the expected action and the petitioner's interest;
> (3) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> (4) the names or a description of the persons the petitioner expects to be adverse parties and their addresses so far as known; and
> (5) the names, addresses, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1).

The Court finds that petitioner does not meet those requirements. Though he expects to bring a cognizable action in this Court, he does not say why he cannot presently bring it. He merely says he plans to wait until his current lawsuit ends, but that is no reason not to bring another one. And petitioner does not give a good reason for perpetuating Harrington's testimony now; the death of the WICC dentist does not mean the Grim Reaper

has (imminent) designs on dentists in general, or on Harrington in particular. And there still must be some reason why the proposed lawsuit cannot be brought. *See* CHARLES ALAN WRIGHT, ET AL., 8A FED. PRAC. & PROC. CIV. § 2072 (3d ed.) ("[M]edical opinion that a person might die before an action can be brought is a good reason for perpetuating his testimony, assuming that the requisite showing of inability presently to bring suit has been made."). It would also seem that petitioner could be examined by any dentist, not just Harrington. Accordingly, petitioner's motion to perpetuate testimony (Doc. 1) is **DENIED**. His motion to add documents (Doc. 2) is also **DENIED**.

The Court would advise petitioner that there is a statute of limitations on his proposed § 1983 claim. He will lose the ability to bring it if he waits too long. Further, as petitioner is aware, WICC is in Mt. Sterling, which is in Brown County, Illinois. Brown County is in the Central District of Illinois, not the Southern District. *See* 28 U.S.C. § 93(b). Therefore, a civil-rights lawsuit against WICC or its employees, about incidents that took place at WICC, should likely be filed in the Central District. *See* 28 U.S.C. § 1391(b) (describing venue for civil actions).

**IT IS SO ORDERED.**

**DATED: November 4, 2013**

                                                 **/s/ WILLIAM D. STIEHL**
                                                        **DISTRICT JUDGE**